**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VINH K. NGUYEN,<br>        Appellant, | DOCKET NUMBER<br>SF-4324-19-0603-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: April 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Vinh K. Nguyen, San Jose, California, pro se.

Vanessa Lichtenberger, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). On petition for review, the appellant alleges the following: (1) the agency discriminated against him as a result of his military service; (2) the agency engaged in disability discrimination; (3) the administrative judge exhibited bias; and (4) he was

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

prejudiced by the failure of two witnesses to appear at the hearing. Petition for Review (PFR) File, Tab 1 at 4, Tab 6 at 3.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant alleges that the agency discriminated against him as a result of his prior military service. PFR File, Tab 6 at 3. To this end, he seemingly reasserts that his supervisor treated other employees more favorably. PFR File, Tab 1 at 4. These assertions, which amount to mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom, do not provide a basis to disturb the initial decision. *See Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009).

The appellant asserts that he "was discriminated [against] based on [his] disability and veteran status." PFR File, Tab 6 at 3. He also states that his supervisor "disregard[ed his] medical needs and [his] mental stage [sic]." PFR File, Tab 1 at 4. To the extent the appellant alleges that his status as a disabled

---

[2] The appellant's petition for review was untimely filed on February 12, 2020, 5 days after the filing deadline. PFR File, Tab 1. We do not reach the issue of the timeliness of the appellant's petition for review, however, because the appellant's petition does not meet the Board's criteria for review.

veteran was a motivating factor in the agency's decision to remove him during his probationary period, his allegation is unavailing insofar as he fails to identify any evidence in the record to support his allegation. Initial Appeal File (IAF), Tab 9 at 11-23; *see* 5 C.F.R. § 1201.115(a)(2) (stating that a petitioner who alleges that the administrative judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error). To the extent he alleges disability discrimination unrelated to his status as a disabled veteran, his allegation is necessarily unavailing for purposes of corrective action under USERRA. *See McGuffin v. Social Security Administration*, 942 F.3d 1099, 1107-08 (Fed. Cir. 2019) (explaining that USERRA prohibits discrimination on the basis of military service). Thus, a different outcome is not warranted.

The appellant states that the administrative judge "did not listen to the testimony carefully" and he avers that he did not receive "a fair trial."[3] PFR File, Tab 1 at 4, Tab 6 at 3. He also states that he was "the only male in the room" during the hearing. PFR File, Tab 6 at 3. We construe these statements as claims that the administrative judge exhibited bias. The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions

---

[3] To this end, the appellant ostensibly asserts that the Board should provide him with the assistance of counsel so that he can have a "fair" hearing. PFR File, Tab 6 at 3. Insofar as there is no law, rule, or regulation requiring the Board to appoint counsel to represent a party, this assertion is unavailing. *See Raymond v. Department of the Army*, 102 M.S.P.R. 665, ¶ 4 n.1 (2006).

indicate a deep-seated favoritism or antagonism that would render fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010). Here, the record is devoid of any indication of personal bias; thus, the appellant's unsubstantiated assertions are insufficient to rebut the presumption of the administrative judge's honesty and integrity. PFR File, Tab 1 at 4, Tab 6 at 3; *see Washington*, 81 M.S.P.R. 101, ¶ 7.

Last, the appellant asserts that he was prejudiced because two witnesses "decide[d] not to show up to the court." PFR File, Tab 6 at 3. Here, the record reflects that the agency sought, and the administrative judge approved, the testimony of these two witnesses; however, they did not appear at the hearing. IAF, Tab 14 at 8-9, Tab 15 at 1, Tab 19 at 1. To the extent the appellant argues that he was deprived of his right to question these witnesses as a result of their nonappearance, his argument is necessarily unavailing insofar as the appellant neither requested nor subpoenaed the subject witnesses. IAF, Tab 15 at 1; *see Lohr v. Department of the Air Force*, 24 M.S.P.R. 383, 386 (1984). To the extent the appellant contends that he was unfairly surprised by the nonappearance of these two agency witnesses, PFR File, Tab 6 at 3, his contention is similarly unavailing because he could have sought a continuance from the administrative judge in order to procure their testimony; however, he did not, *see Lohr*, 24 M.S.P.R. at 386. Thus, a different outcome is not warranted.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.